UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
COURT FILE NO.: _____

| | |
|---|---|
| Mickey Godwin, Sr.,<br><br>　　　　Plaintiff,<br>v.<br><br>H & P Capital, Inc.,<br>　　　　Defendant. | **VERIFIED COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4. Plaintiff, Mickey Godwin, Sr., is a natural person who resides in the City of Pensacola, County of Escambia, State of Florida, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

-1-

5. Defendant H&P Capital Inc., is a collection agency operating from an address of 7960 Bay Meadows Way, Building 6, Suite 300, Jacksonville, FL 32256 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

6. An alleged debt of the Plaintiff was consigned, placed or otherwise transferred to Defendant for collection from Plaintiff.

### *November 2, 2012, Collection Call*

7. On or about November 2, 2012, Defendant contacted Plaintiff via telephone on the Plaintiff's cellular phone in an effort to collect this debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

8. The agent or representative calling on behalf of the Defendant, identifying herself as Mrs. Scholtz, threatened to pursue Plaintiff for "theft" and garnish his social security.

9. Defendant stated that the Plaintiff had until 3:00pm to make payment or she would be meeting with an attorney to pursue this matter.

10. At the conclusion of this call, Defendant referred to Plaintiff as a "douchebag".

11. Defendant failed to provide meaningful disclosure and failed to state the communication was from a debt collector.

## SUMMARY

12. All of the above-described actions by Defendant, were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692b(1), 1692d, 1692d(2), 1692e, 1692e(4), 1692e(5), 1692e(7), and 1692g(a), amongst others.

13. The above-detailed conduct by the Defendant of harassing Plaintiff in an effort to collect this debt was a violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions of the FDCPA, as well as an invasion of Plaintiff's privacy by an intrusion upon seclusion and resulted in actual damages to the Plaintiff.

14. The above detailed conduct by the Defendant of harassing Plaintiff in an effort to collect this debt was also a violation of numerous and multiple provisions of the Florida Consumer Collection Practices Act, including but not limited to Fla. Stat. § 559.72(8), 559.72(9), and 559.72(10), amongst others.

15. This series of abusive collection calls and the threats of garnishment by Defendant and its employees pushed Plaintiff to become increasingly stressed and anxious.

16. Defendant's attempts to collect this debt was an invasion of Plaintiff's privacy and his right to be left alone.

17. Defendant's illegal abusive collection communications as more fully described above were the direct and proximate cause of severe emotional distress on the part of the Plaintiff.

18. Plaintiff has suffered actual damages as a result of these illegal collection communications by the Defendant in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

## TRIAL BY JURY

19. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

20. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

22. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

## COUNT II.

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

23. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

24. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**

15 U.S.C. § 1692(a) (emphasis added).

25. Defendant and/or their agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of Plaintiff, namely, by demanding Plaintiff's employment file from his employer.

26. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information.

27. The conduct of the Defendant and their agents, in engaging in the above-described illegal collection practices against the Plaintiff, resulted in multiple intrusions and invasions of privacy by the Defendant which occurred in a way that would be highly offensive to a reasonable person in that position.

28. As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial.

## COUNT III.

## VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

### Fla. Stat. § 559.72 et seq.

29. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

30. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FCCPA including, but not limited to, each and every one of the above-cited provisions of the FCCPA, Fla. Stat. § 559.72 et seq.

31. As a result of Defendant's violations of the FCCPA, Plaintiff is entitled to actual damages; statutory damages in an amount up to $1,000.00; and reasonable attorney's fees and costs pursuant to Fla. Stat. § 559.77(2).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against each and every Defendant:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for Plaintiff;

## COUNT II.

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

- for an award of actual damages from Defendant for the emotional distress suffered as a result of the intentional and/or negligent FDCPA violations and intentional and/or negligent invasions of privacy in an amount to be determined at trial and for Plaintiff; and

- for such other and further relief as may be just and proper.

## COUNT III.

## VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

Fla. Stat. § 559.72 et seq.

- for an award of actual damages pursuant to Fla. Stat. § 559.77(2) against Defendant and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to Fla. Stat. § 559.77(2) against Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to Fla. Stat. § 559.77(2) against Defendant and for Plaintiff;

Dated: 2/13/13

Respectfully submitted,

/s/ Brooke E. Sanchez

Brooke E. Sanchez, FL Bar # 26860
Lewis & Jurnovoy, PA
1100 North Palafox Street
Pensacola, FL 32501
Telephone: (850) 432-9110
Facsimile: (850) 433-8794
Email: brooke@4-debtor.com

**Attorneys for Plaintiff**

## **VERIFICATION OF COMPLAINT AND CERTIFICATION**

STATE OF FLORIDA             )
                             )
COUNTY OF ESCAMBIA           )

Plaintiff, Mickey Godwin, Sr., having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

_____
Mickey Godwin, Sr.

Subscribed and sworn to before me this 31st day of January 2013.

_____
Notary Public

SHERI SHEELEY
MY COMMISSION # EE 164820
EXPIRES: January 30, 2016
Bonded Thru Notary Public Underwriters